IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARY FEEZOR, | ) | 2:05-cv-1883-GEB-GGH |
| | ) | |
| Plaintiff, | ) | |
| | ) | STATUS (PRETRIAL |
| v. | ) | SCHEDULING) ORDER |
| | ) | |
| GOLDEN ARCH LIMITED PARTNERSHIP; | ) | |
| MICHAEL KASSITY; KENNETH RISTUBEN; | ) | |
| and SANDRA RISTUBEN, | ) | |
| | ) | |
| Defendants. | ) | |

The status (pretrial scheduling) conference scheduled in this case for February 21, 2006, is vacated since the joint status report (JSR) submitted by the parties indicates that the following Order should issue.

///

///

///

///

///

///

1

1    <u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>[1]

2         All defendants have been served and no further service is

3    permitted, except with leave of Court, good cause having been shown.

4         No further joinder of parties or amendments to pleadings is

5    permitted except with leave of Court, good cause having been shown.

6                              <u>DISCOVERY</u>

7         No modifications of the discovery requirements in the

8    Federal Rules is ordered.

9         (a)  All discovery shall be completed by September 5, 2007.

10   In this context, "completed" means that all discovery shall have been

11   conducted so that all depositions have been taken and any disputes

12   relative to discovery shall have been resolved by appropriate orders,

13   if necessary, and, where discovery has been ordered, the order has

14   been complied with or, alternatively, the time allowed for such

15   compliance shall have expired.[2]

16        (b)  Each party shall comply with Federal Rule of Civil

17   Procedure 26(a)(2)'s initial expert witness disclosure and report

18

---

19        [1]   The statements in the JSR that a party "reserves the right" to

20   join a party or amend a pleading is too imprecise to except the
     referenced possible amendment from the "good cause" standard.  "Parties

21   anticipating possible amendments . . . have an 'unflagging obligation'
     to alert the Rule 16 scheduling judge of the . . . timing of such

22   anticipated amendments in their status reports so that the judge can
     consider whether such amendments may properly be sought solely under the

23   Rule 15(a) standard, and whether structuring discovery pertinent to the
     parties' decision whether to amend is feasible."  <u>Jackson v. Laureate,</u>

24   <u>Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citation omitted).

25        [2]   The parties are advised that the Magistrate Judges in the

26   Eastern District are responsible for resolving discovery disputes.  <u>See</u>
     Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all

27   discovery-related matters to the Magistrate Judge assigned to this case.
     A party conducting discovery near the discovery "completion" date runs

28   the risk of losing the opportunity to have a jurist resolve discovery
     motions pursuant to the Local Rules.

2

1  requirements on or before April 5, 2007, and with the rebuttal expert
2  disclosures authorized under the Rule on or before May 7, 2007.

3                          MOTION HEARING SCHEDULE

4          The last hearing date for motions shall be November 5, 2007,
5  at 9:00 a.m.[3]

6          Motions shall be filed in accordance with Local Rule 78-
7  230(b).  Opposition papers shall be filed in accordance with Local
8  Rule 78-230(c).  Failure to comply with this local rule may be deemed
9  consent to the motion and the Court may dispose of the motion
10  summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).
11  Further, failure to timely oppose a summary judgment motion may result
12  in the granting of that motion if the movant shifts the burden to the
13  nonmovant to demonstrate a genuine issue of material fact remains for
14  trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

15          Absent highly unusual circumstances, reconsideration of a
16  motion is appropriate only where:

17          (1)  The Court is presented with newly discovered evidence
18  that could not reasonably have been discovered prior to the filing of
19  the party's motion or opposition papers;

20          (2)  The Court committed clear error or the initial decision
21  was manifestly unjust; or

22          (3)  There is an intervening change in controlling law.
23  A motion for reconsideration based on newly discovered evidence shall
24  set forth, in detail, the reason why said evidence could not
25  reasonably have been discovered prior to the filing of the party's

26

27 _____

28          [3]    This time deadline does not apply to motions for continuances,
   temporary restraining orders, emergency applications, or motions under
   Rule 16(e) of the Federal Rules of Civil Procedure.

                                    3

motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for January 7, 2008, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated sua sponte "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[4]  The joint pretrial statement shall specify the issues for trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

---

[4]   The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

requirement that the court hold a pretrial conference.").  The final

pretrial order supersedes the pleadings and controls the facts and

issues which may be presented at trial.  Issues asserted in pleadings

which are not preserved for trial in the final pretrial order cannot

be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,

827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the

pretrial order are eliminated from the action."); Valley Ranch Dev.

Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an

issue omitted from the pretrial order is waived, even if it appeared

in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283

(D.D.C. 1995) (refusing to modify the pretrial order to allow

assertion of a previously-pled statute of limitations defense);

Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)

(indicating that "[a]ny factual contention, legal contention, any

claim for relief or defense in whole or in part, or affirmative matter

not set forth in [the pretrial statement] shall be deemed . . .

withdrawn, notwithstanding the contentions of any pleadings or other

papers previously filed [in the action]").

        If possible, at the time of filing the joint pretrial

statement counsel shall also email it in a format compatible with

WordPerfect to: geborders@caed.uscourts.gov.

                          TRIAL SETTING

        Trial is set for April 8, 2008, commencing at 9:00 a.m.

                          MISCELLANEOUS

        The parties are reminded that pursuant to Federal Rule of

Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall

not be modified except by leave of Court upon a showing of good cause.**

1 **Counsel are cautioned that a mere stipulation by itself to change**

2 **dates does not constitute good cause.**

3         IT IS SO ORDERED.

4 Dated:  February 9, 2006

5

6                            /s/ Garland E. Burrell, Jr.
                           GARLAND E. BURRELL, JR.

7                            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28